UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELE R. HAWKER and JOSEPH T. HAWKER,<br>  *Plaintiffs*,<br><br>  *vs.*<br><br>HARRY H. HESS, DELAVAN E. WHITENIGHT WHOLESALE PRODUCE COMPANY, INC. and AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN,<br>  *Defendants*. | )<br>)<br>)<br>) 1:13-cv-00189-JMS-DKL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

Defendants Harry H. Hess and Delavan E. Whitenight Wholesale Produce Company, Inc. ("Delavan") filed a Notice of Removal on February 1, 2013 in which they allege that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). [Dkt. 1 at 3, ¶ 8.] Specifically, Mr. Hess and Delavan allege that: (1) Plaintiffs are "citizens, residents and domiciliaries" of Indiana, [*id.* at 1, ¶ 2]; (2) Delavan is a Pennsylvania corporation with its principal place of business in Pennsylvania, [*id.* at 2, ¶ 3]; (3) Defendant American Standard Insurance Company of Wisconsin ("American Standard") is a Wisconsin corporation with its principal place of business in Wisconsin, [*id.* at 2, ¶ 4]; and (4) "Plaintiffs' claimed damages are in excess of $75,000," [*id.* at 3, ¶ 7].[1]

Local Rule 81-1(b) applies to diversity removals, and provides:

> Within 30 days after the filing of the notice of removal, every plaintiff who has not filed a motion to remand must file a statement responding to the notice of removal's allegations as to citizenship of the parties and the amount in controversy. If the plaintiff lacks sufficient information upon which to form a belief about

---

[1] The State Court Complaint does not contain any allegations regarding the parties' citizenships or the amount in controversy. [Dkt. 1-1 at 1-6.]

those allegations despite meeting and conferring in good faith with the removing party about them, the plaintiff may so state.

Counsel is reminded that the Court's Local Rules "have the force of law" and must not be disregarded. *Link v. Wabash R. Co.*, 291 F.2d 542, 545 (7th Cir. 1961). Furthermore, the Court notes that Local Rule 81-1(b) and its counterpart for removing parties, L.R. 81-1(a), have been designed for an important purpose: to help counsel fulfill their "professional obligation to analyze subject-matter jurisdiction before judges need to question the allegations," *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). To date, Plaintiffs have failed to file the statement required under Local Rule 81-1(b).

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007). The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject matter jurisdiction, *id.*, and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). Based on the Notice of Removal, and because Plaintiffs failed to file a Local Rule 81-1 Statement, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

Accordingly, the Court **ORDERS** the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction. If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **March 15, 2013** setting forth the basis for each of their citizenships and whether they agree that the amount in controversy exceeds $75,000 exclusive of interest and costs. The parties are specifically reminded that the amount in controversy must exceed "$75,000 *exclusive of interest and costs*," 28 U.S.C. § 1332 (emphasis added) – a statement missing from the Notice of Removal. Because American Standard has not appeared, the joint jurisdictional statement shall also include

a statement by each party setting forth that party's factual basis for any representations regarding American Standard's citizenship, and a statement by each party regarding whether they have information to dispute the other party's representations regarding American Standard's citizenship. If the parties cannot agree on their respective citizenships or the amount in controversy, any party who disagrees shall file a separate jurisdictional statement by **March 15, 2013** setting forth its view regarding the citizenship of each of the parties and the amount in controversy. The joint jurisdictional statement, or the competing jurisdictional statement, shall satisfy Plaintiffs' obligations under Local Rule 81-1.

03/05/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

R. T. Green
BLACKBURN & GREEN
rtgreen@blackburnandgreen.com

Renea Elaine Hooper
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
rhooper@scopelitis.com

Paul Stanton Petro
BLACKBURN & GREEN
ppetro@blackburnandgreen.com

Thomas E. Schulte
SCOPELITIS GARVIN LIGHT HANSON & FEARY PC
tschulte@scopelitis.com